UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDGAR L. JARRETT, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>TRACI YERBICH, individually and in her official capacity; ALICE L. HAENLE, individually and in her official capacity; JAMES CONANT, individually and in his official capacity; THOMAS FELNAGLE, in his official capacity; JOAN M. WILLIS-DROWNS, individually; JANE/JOHN DOE, individually and in their official capacity,<br><br>    Defendants. | Case No. C06-5628FDB<br><br>ORDER TO SHOW CAUSE |

    Plaintiff recites the background of his claims as arising from state proceedings regarding Defendant Drowns alleging physical and emotional abuse to her and physical abuse to her first son, allegedly perpetrated by Plaintiff. Plaintiff recites the background of his claim with occurrences that began in 1998. He evidently proceeded through administrative appeals, then a hearing was held on October 29, 2005 in Pierce County Superior Court before Judge Felnagle. Plaintiff indicates on page nine of his Complaint that the controversy remains alive. Plaintiff states that "at all times the plaintiff exercised full parental rights and these rights absent a court order were not abrogated with the

ORDER - 1

arbitrary secreting of the plaintiff's son by defendant drowns across state lines."

Plaintiff alleges in seven counts various violations of his constitutional rights in the course of the state court proceedings, and thus, asserts federal jurisdiction under 28 U.S.C § 1331 (federal question). Plaintiff seeks declaratory and injunctive relief in the form of directing Defendant Drowns "to present and make available to the plaintiff, his son, to begin the re-establishment of the parent-child relationship." He further asks that all parties be directed to provide Plaintiff's attorney in Connecticut the means by which to serve legal papers.

Federal jurisdiction of this matter does not appear to be appropriate. While Plaintiff alleges various constitutional violations, these violations appear to be intertwined with the decisions made in the state administrative and judicial system rendering jurisdiction in the United States District Court inappropriate, particularly, where the state action is not complete.

ACCORDINGLY, IT IS ORDERED: Plaintiff shall SHOW CAUSE by November 17, 2006 why this cause of action should not be dismissed for lack of jurisdiction.

DATED this 2nd day of November, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2